

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

| | | |
|---|---|---|
| *Maurice E. Landrieu, Jr* | *650 Poydras Street* | *Telephone # :(504) 680-3015* |
| *Assistant United States Attorney* | *Suite 1600* | *Fax # : (504) 589-4390* |
| *Supervisor, OCDETF and Drug Unit* | *New Orleans, Louisiana 70130* | |

May 21, 2012



Honorable Stanwood R. Duval
United States District Judge
Eastern District of Louisiana
500 Poydras Street,
New Orleans, Louisiana 70130

    Re:    <u>United States v. Ryan Carroll, aka "Ronnie Boo"</u>
            <u>Criminal Docket No.  12-051  "K"</u>

Dear Judge Duval:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (1974) and with Rule 11of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and **Ryan Carroll**, the defendant in the above-captioned proceeding.  Defendant's undersigned counsel, Cate Bartholomew, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      **In an effort to resolve this matter in a timely fashion and show good faith while cooperating with the Government, the defendant has agreed to plead guilty to Counts 1, and 9 of the superseding indictment and has agreed to waive his rights pursuant to Rule 410 of the Federal Rules of Evidence.  Therefore, if the defendant decides to rescind the plea agreement and refuses to plead guilty after he has signed this document and the accompanying factual basis, the Government has the right to use this document and the defendant's admitted factual basis as an admission of his guilt to the charged offenses in the Government's case-in-chief during the trial in the above referenced matter. Defendant understands that Federal Rule of Evidence 410 provides him protection from the use of such admissions made during plea negotiations or as a result of plea agreements, but knowingly and voluntarily waives that protection and those rights afforded by Rule 410 of the Federal Rules of Evidence.**

*CB*
*MEL*
*RCC*

The defendant has agreed to plead guilty as charged to **Count 1** of the Superseding Indictment in which he is charged with participating in a RICO conspiracy, in violation of Title 18, United States Code, Sections 1962(d).

The defendant has also agreed to plead guilty as charged to **Count 9** of the Superseding Indictment in which he is charged with discharging a firearm during and in relation to a federal crime of violence and a drug trafficking crime, all in violation of Title 18, United States Code, Sections 924(c) and 2.

The defendant understands that the maximum penalty for these violations is as follows:
**Count 1**: any number of years up to forty (40) years in prison; a fine of up to $250,000.00; and not more than five (5) years of supervised release.
**Count 9**: a mandatory minimum sentence of 10 years and a maximum of life in prison; a fine of up to $250,000.00; and not more than five (5) years of supervised release. Any term of imprisonment imposed in connection with this offense has to be served <u>consecutive</u> to any other sentence the defendant may be serving.

The defendant understands that the Court may accept or reject this plea agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report as provided for in Rule 11(c)(3)(A) of the Federal Rules of Criminal Procedure.

The Government has also agreed that should the Court accept the defendant's plea of guilty to Counts 1 and 9 of the Superseding Indictment, the Government will ask the Court to dismiss Counts 2, 3, 7, and 8 of the superseding indictment as to this defendant under the above referenced case number. The Government also agrees not to charge the defendant with any other violations of the Federal Controlled Substances Act or the Federal Gun Control Act that he may have committed in the Eastern District of Louisiana prior to March 23, 2012, as long as the defendant has truthfully informed federal agents of the full details of those crimes. The Government also agrees that the defendant has complied with the April 30, 2003 amendment to the United States Sentencing Guidelines found in Section 3E1.1 and, therefore, is entitled to the provided three (3) level reduction in his guideline offense level for his timely acceptance of responsibility.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release for a period of not more than five (5) years as to Counts 1 and 9, pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following

release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

    a.    Waives and gives up his right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to his right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

    b.    Waives and gives up his right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up his right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

    c.    Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d.    The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The Government may, but shall not be required, to make a motion requesting the Court to depart from the sentencing guideline range as determined the Court, in the event the defendant provides "substantial assistance". It shall be in the sole discretion of the United States Attorney as to whether a motion requesting departure from this guideline sentence should be filed with the court. The Government shall determine whether or not the defendant has rendered "substantial assistance" and that decision will not be made until the Government has been able to evaluate the entirety of the defendant's cooperation. The Government also shall determine whether such a motion will be filed prior to sentencing pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the sentencing guidelines or after sentencing pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant understands that even if the Government were to file such a motion, the Court may deny it and could refuse to grant a downward departure.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant nor will anything derived from the statements or testimony be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he may face additional criminal charges.



It also is understood that the Court will comply with the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

5

All parties, including the defendant, have thoroughly reviewed this document and have had an opportunity to discuss all matters contained herein at several meetings that were held at the United States Attorney's Office on February 17, 2012; April 13, 2012; and on May 21, 2012. All parties also understand that the statements set forth above represent the entire agreement between the defendant **Ryan Carroll** and the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

_____  May 21, 2012
Maurice E. Landrieu, Jr.
Assistant United States Attorney

_____  5/21/2012
Ryan Carroll, aka "Ike Neezy"   (Date)
Defendant

_____  May 21, 2012
Cate Bartholomew   (Date)
Attorney for the Defendant