**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 12-51** |
| **RYAN CARROLL** | **SECTION "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Ryan Carroll's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. #423) is **DENIED**.

## BACKGROUND

This matter is before the court on Ryan Carroll's motion to vacate, set aside or correct his sentence brought under 28 U.S.C. § 2255. Carroll argues that under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and he is entitled to have his sentence for violating 18 U.S.C. § 924(c)(1)(A) vacated.

In this case, Carroll pleaded guilty to one count of violating the Racketeer Influenced and Corrupt Organizations Conspiracy statute, 18 U.S.C. § 1962(d) (Count 1), and one count of using and carrying a firearm during and relation to a crime of violence and a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 9).[1] On October 16, 2013, Carroll was sentenced to 90 months imprisonment for Count 1, and 120 month imprisonment for Count 9, to be served consecutively, which was the statutory mandatory sentence for Count 9.

---

[1] Judge Duval accepted Carroll's guilty plea and imposed his sentence. The matter was re-allotted to this section after Judge Duval retired.

On June 19, 2016, Carroll filed the present motion to vacate, set aside or correct his sentence.[2]  Carroll argues that his sentence on Count 9 should be vacated because his RICO conviction falls under the residual clause of 18 U.S.C. § 924(c)(3)(B), which he argues is unconstitutionally vague under the reasoning employed by the Supreme Court of the United States in Johnson v. United States, 135 S.Ct. 2551 (2015).

## ANALYSIS

Pursuant to § 2255, a prisoner in custody under a federal court sentence may seek relief on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or, (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. If the district court determines that a petitioner is entitled to relief under § 2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

---

[2] Under the prison mailbox rule, a *pro se* prisoner's motion is deemed to be filed when he turns it over to prison officials for mailing. See Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998).  Carroll signed his § 2255 motion on June 19, 2016, and it is deemed filed on that date.  Section 2255(f)(3) provides that the one-year statute of limiations for § 2255 claims runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Carroll's motion is based on Johnson v. United States, 135 S.Ct. 2551 (2015), which was decided by the Supreme Court on June 26, 2015.  Thus, Carroll's § 2255 motion was timely filed.

Section 924(c)(1)(A)(iii) provides that:

> any person, who during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carriers a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(iii). The sentence shall run concurrently with any other term of imprisonment imposed on the person. Id. at § 924(c)(1)(D). A "crime of violence" for the purposes of § 924(c) is defined as a felony offense:

> (a) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. at § 924(c)(3).

In this case Carroll was convicted of violating RICO, along with § 924(c)(1)(1). Carroll contend that RICO falls under § 924(c)(3)(B), the residual clause in the definition of a crime of violence, and that § 924(c)(3)(B) is unconstitutionally vague in accordance with Johnson.

Johnson involved the interpretation of the the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e). The ACCA provides for a mandatory minimum sentence of 15 years of imprisonment when a defendant has three prior convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as any crime punishable by imprisonment for a term of more than one year that –

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or
> otherwise involves conduct that presents a serious potential risk of
> physical injury to another[.]

Id. at § 924(e)(2)(B). In Johnson, the Supreme Court held that the residual clause of the ACCA,

which provided that "violent felonies" include crimes that "otherwise involve[] conduct that

presents a serious potential risk of physical injury to another," was unconstitutionally vague

because it did not give ordinary people fair notice of the conduct that it punished and "invite[d]

arbitrary enforcement by judgment." Johnson, 135 S.Ct. at 2557.

Carroll argues that the residual clause in § 924(c)(3)(B) is unconstitutionally vague because

it has language similar to the language in the ACCA. In United States v. Gonzalez-Longoria, 831

F.3d 670, 674-77 (5th Cir. 2016), the United States Court of Appeals for the Fifth Circuit examined

the effect of Johnson on 18 U.S.C. § 16(b), which states that a "crime of violence" is "any other

offense that is a felony that is, by its nature, and involves a substantial risk that physical force

against the person or property of another may be used in the course of committing the offense."

The court held that § 16(b) is not unconstitutionally vague because the "[r]isk of physical force is

more definite than the risk of physical injury; further, by requiring the risk of physical force arise

'in the course of committing' the offense, 18 U.S.C. § 16(b) does not allow courts to consider

conduct or events occurring after the crime is complete." Id. at 676. Also, the amount of risk

required by § 16(b) is not linked to examples like it is in the ACCA, but "[i]nstead, it is just like

the dozens of federal and state criminal laws that employ terms such as 'substantial risk,' 'grave

risk,' or 'unreasonable risk,'" that state and federal judges interpret as a matter of routine." Id. at

677. In United States v. Garcia, - - - F.3d - - - , 2017 WL 2240295 (5th Cir. May 23, 2017), the

United States Court of Appeals for the Fifth Circuit held that, because the wording of §

924(c)(3)(B) is nearly identical to § 16(b), § 924(c)(3)(B) is not unconstitutionally vague under

Gonzalez-Longoria.  Therefore, Carroll's motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Ryan Carroll's Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside or Correct Sentence (Doc. #423) is **DENIED**.


New Orleans, Louisiana, this   2nd   day of June, 2017.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**